# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2980

_____

| | | |
|---|---|---|
| The Cincinnati Insurance Company, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Sawmill Hydraulics, Inc.; | * | District Court for the Western |
| | * | District of Missouri. |
| Defendant, | * | |
| | * | [UNPUBLISHED] |
| Gary Eads, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 14, 2007
Filed:   February 23, 2007

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Gary Eads appeals the district court's [1] grant of summary judgment in favor of The Cincinnati Insurance Company (TCC), holding the injuries Eads sustained while working on a log turner manufactured by Sawmill Hydraulics, Inc., were not covered by the terms of an insurance policy issued by TCC and covering Sawmill.

_____

[1]The Honorable Nanette Laughrey, United States District Judge for the Western District of Missouri.

TCC argued Eads's injuries were subject to the policy's products-completed operations hazard exclusion. Eads argued a safety device could have been designed which would have prevented his injuries. According to him, if a safety feature could have been installed – even though one only existed in theory – his injuries were caused by "uninstalled equipment," and such injuries were excepted from the products-completed operations hazard exclusion.

The district court held the exception to the exclusion relied upon by Eads only applied to equipment present at the site when the accident occurred. We agree. In this case, not only was the "uninstalled equipment" not present at the site, the equipment did not exist. Because an extended discussion would add nothing to the well-reasoned order of the district court, we affirm under 8th Cir. R. 47B.

_____